UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

UNITED STATES OF AMERICA,

    -against-                         07 Cr. 460-01 (RWS)

PHILLIP QUINTERO,                  OPINION

              Defendant.

------------------------------------X

**Sweet, D.J.**

        Defendant Phillip Quintero ("Quintero" or the "Defendant") has moved pro se for a reduction of his sentence, pursuant to 18 U.S.C. § 3582(c)(2), in light of the recent retroactive effect of amendments to the Sentencing Guidelines for offenses involving crack cocaine. For the reasons set forth below, Quintero's motion is granted and his term of imprisonment is reduced to 60 months.

**Prior Proceedings**

        On June 12, 2008, Quintero pleaded guilty to conspiracy to distribute and possess with intent to distribute five grams or more of crack cocaine in violation

of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(B), and to distribution and possession with intent to distribute five grams or more of crack cocaine in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(B), and 846.

On November 8, 2008, Quintero was sentenced to 87 months' imprisonment and 4 years' supervised release, and was required to pay a special assessment of $200. This sentence was at the bottom of the Guidelines range of 87 to 108 months, which was based on an adjusted total offense level of 27 and a Criminal History Category of III. At that time the Court found that the Defendant participated in the sale of 96.95 grams of crack cocaine.

Quintero has been identified by the United States Sentencing Commission as eligible for the 2011 retroactive sentencing reductions pursuant to the Fair Sentencing Act of 2010, which were made retroactive on November 1, 2011. The Government has not opposed Quintero's request for a sentence reduction.

The instant motion was marked fully submitted on June 29, 2011.

2

## Discussion

Applying the amended Guidelines, Quintero's offense level, as he was responsible for 96.95 grams of crack cocaine, is 26, pursuant to Guideline § 2D.1.1(c)(7). After a three-level reduction for acceptance of responsibility, his offense level is 23. With a Criminal History Category of III, the resulting applicable Guidelines range is 51 to 87 months' imprisonment. Because Quintero is subject to a five-year mandatory minimum sentence, his restricted range is 60 to 71 months, pursuant to § 5G.1.1(c)(2).

At the original sentencing in this matter, the Court found that a sentence at the bottom of the Guidelines range was "'sufficient, but not greater than necessary' to accomplish the goals of sentencing." Kimbrough v. United States, 552 U.S. 85, 102 (2007) (quoting 18 U.S.C. § 3553(a)). Accordingly, a reduction of Quintero's term of imprisonment to 60 months is appropriate.

## Conclusion

For the reasons set forth above, Quintero's motion for a reduction in his sentence is granted and the term of his imprisonment is reduced to 60 months.

It is so ordered.

New York, NY
November 1, 2011

ROBERT W. SWEET
U.S.D.J.